PER CURIAM.
In Perez v. State, 919 So.2d 347 (Fla. 2005), cert. denied, — U.S. -, 126 S.Ct. 2359, 165 L.Ed.2d 285 (2006), the Florida Supreme Court affirmed appellant’s convictions for first-degree murder, armed burglary of a dwelling with assault, and armed robbery but reversed Perez’s death sentence on the first-degree murder count and remanded for a new penalty phase proceeding. Id. at 382. On remand, the state agreed not to seek the death penalty, and appellant agreed to accept a life sentence on condition that he be allowed to preserve all his “appellate rights,” including a claim regarding the sufficiency of Miranda[1] warnings that the Florida Supreme Court determined had not been preserved for review. Id. at 359.
Because the state agreed not to seek the death penalty, the trial court imposed the only alternative, a life sentence without the possibility of parole. § 775.082(1), Fla. Stat. (2001). The trial court also “reconfirmed” the conviction and rendered a new judgment on the first-degree murder count nunc pro tunc to the date of the original judgment.
We grant the public defender’s Motion to Withdraw as Counsel and affirm the life sentence in this case. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We agree that all issues regarding the convictions in this case are res judicata and could not be “preserved” following the Supreme Court’s limited remand for a new “penalty phase proceeding.” Perez, 919 So.2d at 382. The trial court should not have entered a “reconfirmed” judgment for the first-degree murder conviction.
Accordingly, we remand with instructions for the trial court to vacate its July 21, 2006 judgment. The original judgment of conviction stands, and the life sentence is affirmed.
KLEIN, GROSS and HAZOURI, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).